UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 03-10370-DPW |
| | ) | |
| | ) | VIOLATIONS: |
| | ) | 21 U.S.C. § 846 - |
| v. | ) | Conspiracy to Possess |
| | ) | With Intent to Distribute |
| 1. DOUGLAS BANNERMAN, | ) | And to Distribute Marijuana |
| 2. KURT WALTER, | ) | |
| (a/k/a "Cort") | ) | 21 U.S.C. §841 - |
| 3. GARY NEWELL, | ) | Possession of Marijuana with |
| 4. DANIEL MACAULEY, | ) | Intent to Distribute and |
| 5. JOHN MCCARTHY, | ) | Distribution of Marijuana |
| 6. JOHN GRAHAM, | ) | |
| (a/k/a "JG" or "G-Man"), | ) | 18 U.S.C. §1956(a)(1) - |
| 7. SCOTT MYERS, and | ) | Money Laundering |
| 8. JOSE VEZGA, | ) | |
| | ) | |
| Defendants. | ) | |

**INDICTMENT**

**COUNT ONE:**     (21 U.S.C. § 846 - Conspiracy to Possess With
            Intent To Distribute and to Distribute Marijuana)

The Grand Jury charges that:

From a date unknown to the Grand Jury, but no later than in or about January, 2003, and continuing until on or about December 1, 2003, at Boston and Brookline, and elsewhere, in the District of Massachusetts, and elsewhere,

       1. DOUGLAS BANNERMAN,
       2. KURT WALTER,
       (a/k/a "Cort")
       3. GARY NEWELL,
       4. DANIEL MACAULEY,
       5. JOHN MCCARTHY,
       6. JOHN GRAHAM,
       (a/k/a "JG" or "G-Man"),
       7. SCOTT MYERS, and
       8. JOSE VEZGA,

defendants herein, knowingly and intentionally combined, conspired, and agreed with each other and with others known and unknown to the Grand Jury, to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the conspiracy involved 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

<u>COUNT TWO</u>:        (21 U.S.C. § 841 - Possession With Intent To
                       Distribute and Distribution of Marijuana)

The Grand Jury further charges that:

   On or about May 22, 2003 at Natick, in the District of Massachusetts,

   **2. KURT WALTER, a/k/a "Cort,"**

defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of marijuana, a Schedule I controlled substance.

   All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT THREE**:   (21 U.S.C. § 841 - Possession With Intent To Distribute and Distribution of Marijuana; 18 U.S.C. §2 - Aiding and Abetting)

The Grand Jury further charges that:

On or about June 12, 2003 at Brookline, in the District of Massachusetts,

**2. KURT WALTER, a/k/a "Cort,"**

defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

COUNT FOUR:    (21 U.S.C. § 841 - Possession With Intent To
               Distribute and Distribution of Marijuana)

The Grand Jury further charges that:

On or about August 21, 2003, at Newton, in the District of Massachusetts,

**2. KURT WALTER, a/k/a "Cort,"**

defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

<u>COUNT FIVE</u>:     **(21 U.S.C. § 841 - Possession With Intent To Distribute and Distribution of Marijuana)**

The Grand Jury further charges that:

On or about September 16, 2003, in Brookline, in the District of Massachusetts,

**2. KURT WALTER, a/k/a "Cort,"**

defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT SIX:**     (18 U.S.C. § 1956(a)(1) - Money Laundering)

The Grand Jury further charges that:

From a time unknown to the Grand Jury, but no later than May, 2003, and continuing thereafter until at least November, 2003, in Newton, in the District of Massachusetts, and elsewhere,

**2. KURT WALTER,
 a/k/a "Cort"**

defendant herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, he invested cash in a restaurant venture located in a rented building, which involved the proceeds of a specified unlawful activity, that is, narcotics trafficking, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds in the amount of no less than $80,000, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## CRIMINAL FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of committing one or more of the offenses alleged in Counts One through Five of this indictment, in violation of 21 U.S.C. §846 and 841(b)(1)(B) (conspiracy to possess with intent to distribute and to distribute marijuana); and 21 U.S.C. §841 (possession with intent to distribute and distribution of marijuana):

        1. DOUGLAS BANNERMAN,
        2. KURT WALTER,
        (a/k/a "Cort")
        3. GARY NEWELL,
        4. DANIEL MACAULEY,
        5. JOHN MCCARTHY,
        6. JOHN GRAHAM,
        (a/k/a "JG" or "G-Man"),
        7. SCOTT MYERS, and
        8. JOSE VEZGA,

defendants herein, if convicted, shall forfeit to the United States, pursuant to 21 U.S.C. §853: (1) any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the charged offenses; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses.

Such property includes, but is not limited to, the following:

REAL PROPERTY

(i) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 25 Royal Road, Brookline, Massachusetts, more fully described in the deed dated July 21, 1980, recorded at the Norfolk County Registry of Deeds, Book 5755, page 574;

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:(a) cannot be located upon the exercise of due diligence;(b) has been transferred or sold to, or deposited with, a third party;(c) has been placed beyond the jurisdiction of the Court;(d) has been substantially diminished in value; or(e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. §853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property. Such substitute assets include, but are not limited to the following:

REAL PROPERTY

(i) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at, 23 Pilgrim By Way, Duxbury, Massachusetts, as more fully described in the deed dated April 22, 2002 and the fiduciary deed, recorded at the Plymouth County Registry of Deeds, book 21938, page 150 and filed in registered land as

certificate 101124, Document 536860 and in unregistered land as certificate 101124, document 504340.

All in accordance with Title 18, United States Code, Section 853 and Rule 32.2(a), Federal Rules of Criminal Procedure.

## MONEY LAUNDERING FORFEITURE ALLEGATION
## (18 U.S.C. §982)

The Grand Jury further charges that:

1. Pursuant to Title 18, United States Code, Section 982(a)(1),

**1. KURT WALTER,**

a/k/a "Cort,"

defendant herein, if convicted of the offense set forth in Count Six shall forfeit to the United States the following property:

    a. All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956 , for which the defendant is convicted, and all property traceable to such property, including, but not limited to, the following:

    1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956;

    2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and

    3) all property used in any manner or part to commit or to facilitate the commission of those violations;

    b. A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

2. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount of the forfeitable property described above, if, by any act or omission of the defendant, the property described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
DENISE JEFFERSON CASPER
RACHEL E. HERSHFANG
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; December 4, 2003.

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK   1:10 pm