UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) Crim. No. 03-M-0454-RBC
) /0370-DPW
DOUGLAS BANNERMAN  et al. )
)

## MOTION FOR PROTECTIVE ORDER

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U. S. Attorney Rachel E. Hershfang, hereby moves pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116 for a protective order. As grounds for this motion, the government states as follows:

A.   Background

1.   On July 21, 2003, Honorable Joseph L. Tauro of the United States District Court for the District of Massachusetts issued an Order authorizing the interception of communications on a wireless telephone responding to the number (617) 901-0104, with electronic serial number ("ESN") C12C1FEA, and any subsequently changed telephone number(s) assigned to the instrument bearing that ESN or any changed ESN(s) assigned to the same telephone number ("Target Telephone 1"). On August 14, 2003, Honorable Reginald C. Lindsay issued an Order authorizing the continued interception of wire communications occurring to and from Target Telephone 1. On September 12, 2003, Honorable Rya W. Zobel issued an Order authorizing the continued interception of wire communications

occurring to and from Target Telephone 1.  On October 10, 2003, Honorable Patti B. Saris issued an Order authorizing the continued interception of wire communications occurring to and from Target Telephone 1.  On November 7, 2003, Honorable Joseph L. Tauro issued an Order authorizing the continued interception of wire communications occurring to and from Target Telephone 1.

2.  On August 15, 2003, Honorable Patti B. Saris issued an Order authorizing the interception of communications on a Verizon-New England hardline telephone number (617) 277-4117, and any changed telephone number assigned to the same cable, pair and binding post as (617) 277-4117 ("Target Telephone 2").  On that same date, and by the same Order, interception was allowed of wire communications on a wireless telephone responding to the number (617) 970-8308, with ESN 441B8D97, and any subsequently changed telephone number(s) assigned to the instrument bearing that ESN or any changed ESN(s) assigned to the same telephone number ("Target Telephone 3").  On September 12, 2003, Honorable Rya W. Zobel issued an Order authorizing the continued interception of wire communications occurring to and from Target Telephone 2 and Target Telephone 3.  On October 10, 2003, Honorable Patti B. Saris issued an Order authorizing the continued interception of wire communications occurring to and from Target Telephone 2 and Target Telephone 3.  On November 7, 2003, Honorable Joseph L. Tauro issued an Order authorizing the continued interception of wire communications occurring to and from Target Telephone 2 and Target

Telephone 3.

3. On October 10, 2003, the Honorable Joseph L. Tauro issued an Order authorizing the interception or communications on a pre-paid wireless telephone responding to the number (617) 721-1998, with ESN 06602680771, and any subsequently changed telephone number(s) assigned to the instrument bearing that ESN or any changed ESN(s) assigned to the same telephone number ("Target Telephone 4"). On November 7, 2003, Honorable Joseph L. Tauro issued an Order authorizing the continued interception of wire communications occurring to and from Target Telephone 4.

4. Wire communications to and from Target Telephones 1, 2, 3 and 4 were intercepted pursuant to the above-referenced wiretap orders.

B. Request for Protective Order

5. Pursuant to Federal Rule of Criminal Procedure 16(d)(1) and Local Rule 116.6, the government requests that this Court issue the attached protective order to ensure that the materials disclosed to defense counsel will be used solely for the limited purpose of enabling each defendant to prepare a defense and will not be further disclosed or disseminated. The reasons for the government's request are as follows.

6. **Further disclosure or dissemination of the wiretap materials would jeopardize an ongoing investigation**. This investigation is ongoing. Many of the individuals named or referenced in the intercept order, the related application and

affidavit, the intercepted conversations, and the preliminary transcripts ("line sheets") have not been arrested and continue to be targets or subjects of federal and/or state investigation. Further disclosure or dissemination of the wiretap materials could jeopardize the ongoing investigation by, among other things, leading subjects and targets of the investigations to change phones, go into hiding, or flee.

7. **Further disclosure or dissemination of the wiretap materials would unnecessarily jeopardize the safety of cooperating individuals.** Some of the wiretap materials contain references to cooperating individuals who assisted in the investigation. Further disclosure or dissemination of the wiretap materials would unnecessarily jeopardize the safety of those cooperating individuals by potentially revealing their true identities to individuals who might wish to harm them.

8. **Further disclosure or dissemination of the wiretap materials would unnecessarily invade the privacy interests of non-defendants.** One important purpose of the stringent secrecy and sealing requirements contained in the federal wiretap statute, 18 U.S.C. §§ 2510-2522, is to maximize the privacy of individuals mentioned in wiretap documents and/or intercepted pursuant to a wiretap order. Further disclosure or dissemination of the wiretap materials would unnecessarily invade the privacy interests of those individuals and therefore defeat one of the statute's most important purposes.

WHEREFORE, the government respectfully requests that the Court issue the attached proposed protective order for the reasons stated herein.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By: _____
       RACHEL E. HERSHFANG
       Assistant U.S. Attorney

Dated: December 3, 2003

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Motion for a Protective Order will be served by hand or first class mail on all counsel of record in this matter once they are appointed or retained.

                                           RACHEL E. HERSHFANG
                                           Assistant U.S. Attorney