UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>v.<br><br>KURT WALTER,<br><br>        Defendant | )<br>)<br>)<br>)  Criminal No. 03-10370-~~DPW~~ RBC<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT KURT WALTER'S MOTION TO
## AMEND THE CONDITIONS OF RELEASE

Now comes the defendant, Kurt Walter, and asks this Honorable Court to amend the conditions of his release. In support hereof, the defendant states as follows:

1. On or about January 22, 2004 this Court conducted a detention hearing for the defendant Kurt Walter. *A copy of the Docket Entries is attached as Exhibit A – see Docket Entry for 1/22/2004.*

2. On January 30, 2004 this Court set conditions for Kurt Walter's release. *A Copy of the "Order Setting Conditions of Pre-trial Release" is attached as Exhibit B.*

3. One of the Conditions for release is that Kurt Walter "shall reside at 53 Beaconsfield Road, Brookline, Massachusetts and at no other location". *See Exhibit B, ¶ (1).*

4. Mr. Walter was released into the third-party custody of Michael and Karen McLaughlin. *Id., at ¶ (2).*

5. A further condition of release was that Mr. Walter must obtain employment. *Id., at ¶ (3).* (Shortly after his release from custody, Mr. Walter fulfilled this condition and presently works in Newton. He is employed from 8:30 am to 5:00 pm, five days a week.)

6. Michael and Karen McLaughlin executed an Order Setting Conditions of Release on or about February 2, 2004. *Exhibit C*. The defendant was released from incarceration on the same day. Thereafter the defendant began residing with the McLaughlin family in Brookline pursuant to the conditions of his release.

7. Shortly after Mr. Walter began living with the McLaughlins, his family situation changed dramatically. The mother of Mr. Walter's only son (Maxwell, a twelve year old) was hospitalized and the child came to live with Mr. Walter at the McLaughlins' home.

8. The McLaughlins live in a small home in Brookline and Mr. Walter lives in one bedroom in the house. When Maxwell came to live with him, both Mr. Walter's and his son shared the same bedroom. All the parties involved in this living arrangement believed that this was a temporary, but necessary, situation.

9. Mr. Walter has become actively involved in Maxwell's school and with his teachers and has arranged for counseling for Maxwell. Mr. Walter has participated in the counseling in an effort to ameliorate circumstances that brought Maxwell to his father.

10. What everyone expected would be a short-term stay for Maxwell has turned into a permanent situation. As a result of further problems experienced by Maxwell's mother, Mr. Walter's son must continue to reside with him at the McLaughlins' home.

11. Returning Maxwell to his mother's custody would be very detrimental to him and would probably result in his being placed in foster care.

12. Mr. Walter, in an attempt to alleviate the overcrowded situation and tension Maxwell's presence as caused at the McLaughlins' home, has tired to make alternative living arrangements for Maxwell, but has been unable to find a suitable custodian to meet the physical and emotional needs of his son.

13. The living situation at the McLaughlins – with Mr. Walter and Maxwell sharing a bedroom – has placed a strain on the McLaughlins, as well as Mr.

Walter and his son. This condition threatens to destroy the long and closed relationship between Mr. Walter and the McLaughlins.

14. Mr. Walter has met all the other conditions of his release and has experienced a blemish free reporting record with pre-trial services.

WHEREFORE, Mr. Walter asks that the conditions of his release be amended to excise the requirement that he reside at 53 Beaconsfield Road, Brookline, Massachusetts with the McLaughlin family and that he be allowed to find an apartment – acceptable to his pre-trial service officer – and reside in the apartment with his son, Maxwell.

Respectfully submitted,
Kurt Walter, defendant,
By his attorney

William J. Cintolo, BBO#084120
COSGROVE EISENBERG & KILEY
One International Place, Suite 1820
Boston, MA 02110
617.439.7775 (telephone)
617.330.8774 (fax)

Dated: November 8, 2004

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by First Class Mail.
Date: 10/7/04

3