Clerk's Office
USDC, Mass
Date 8/26/05
By MR
Deputy Clerk

1

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS.  ) | |
| ) Criminal No. 03-10370-DPW | |
| KURT WALTERS, ) | |
| Defendant. ) | |
| _____ ) | |

## DEFENDANT'S MOTION TO BE RELEASED ON PRESENT TERMS OF RECOGNIZANCE PENDING SENTENCING

Now comes the defendant, Kurt Walters, in the above numbered case and moves this Honorable Court for an order permitting the defendant to remain on his present terms of pretrial recognizance pending sentencing. In support hereof the defendant submits the following statement fact and reasons for this request:

On December 4, 2003 this defendant was indicted for violation of 21 U.S.C. §846 alleging conspiracy to possess and/or distribute 100 kg or more of marijuana.[1]

This is the defendant's first involvement with the criminal justice system. In or about July and August 2005 the defendant entered into a plea

---

[1] The government has filed at least two superceding indictment. However, the allegations against the defendant have remained substantially the same. The amplification to the money laundering charges were made after the defendant began cooperating and informed the government of his criminal complicity with the money laundering charges.

and cooperation agreement with the government. The defendant has been debriefed by the government and has been truthful and candid concerning his involvement with the other defendants in this case. The defendant, as part of his plea agreement is expected to receive sentencing consideration from the government.

After initially being detained in this case, the defendant was released on pretrial release and has met and exceeded all the requirements placed on him by the court and the Pretrial Services Department. Within the last three years the defendant's life has undergone a significant change. Both his mother and his brother have died. These events have heightened the defendant's understanding of the frailty of life. Faced with the potential for losing a substantial portion of his life, the defendant has now dedicated his life to reforming his behavior and providing for those he loves most. After being released from detention the defendant obtained custody of his son – Maxwell (Max) -- because of Max's mother's serious drug problems. The defendant is convinces that he must do everything in his power to show his son a different and healthier path in life.

Since his release from detention, the defendant has gotten a job and rented an apartment in Brookline to allow his son to attend the Brookline school system and receive the help he needs. The defendant attends work

every day and cares for his son when work is over. The defendant has worked with Max and a number of family social and mental health workers in an effort to ameliorate the emotional pain and upheaval that has result from his arrest and his son's mother's problems.

Max is still with the defendant. As a result of this proceeding the defendant has tried to make alternative arrangements for Max's care but has been unable to make satisfactory arrangements yet.

The defendant is aware of the application of Title 18 U.S.C. §3143 and its impact on this Court's decision of whether to release a defendant after conviction and prior to sentencing. Title 18 U.S.C. §3143(a) provides, inter alia, that upon conviction of certain enumerated offenses, of which this charge is one, that a defendant should be detained unless the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under Title 18 U.S.C. §3142(B) or (C).

When detention is contemplated under §3143(B) or (C) the Court should consider the following factors when contemplating release or detention;

   -nature and circumstances of the offense.

   -the weight of the evidence.

-history and characteristics of the person.

-the family history of the person.

-the employment history of the person.

-the financial resources of the person.

-ties to the community.

-past criminal conduct.

-history of drug or alcohol dependency.

-criminal history.

-record of court appearances.

-was the instant offense committed while the person was on probation or parole.

Of course, the Court may also consider any recommendation of government counsel as well as the potential sentence that the defendant may face. In the event the judicial officer does find by clear and convincing evidence that the person is not likely to flee or pose a danger to a person or society, the judicial officer may order the person's release pending sentencing. Title 18 U.S.C. §3143(a)(2)(B).

Taking into consideration all the applicable criteria, the defendant present situation is exception and he should be released pending sentencing.

**WHEREFORE,** The defendant prays that this Court determine that he has presented proof sufficient for this Court to find by clear and convincing evidence that he is not a flight risk or danger to any person or the community and permit him to remain on his recognizance pending sentencing on this case.

Respectfully submitted,

Kurt Walker, Defendant
By his attorney

_____
William J. Cintolo
COSGROVE EISENBERG & KILEY
One International Place, Suite 1820
Boston, MA 02110
617.439.7775 (telephone)
617.330.8774 (fax)
WCintolo@AOL.COM (email)