UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
          Plaintiff,         )
                             )
     v.                      ) CRIMINAL NO. 03-10370-DPW
                             )
KURT WALTER, et al.,         )
          Defendants.        )


**<u>UNITED STATES' MOTION FOR ISSUANCE OF A
PRELIMINARY ORDER OF FORFEITURE</u>**

   The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853, and Rule 32.2(b) of the Federal Rules of Criminal Procedure. In support thereof, the United States sets forth the following:

   1.  On January 27, 2004, pursuant to 21 U.S.C. §881(a)(7), the United States filed a civil forfeiture action, <u>United States v. 25 Royal Road, Brookline, Massachusetts</u>, No. 04-10191-DPW, naming, as the <u>in</u> <u>rem</u> defendant, the following real property:

>    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 25 Royal Road, Brookline, Massachusetts, more fully described in the deed dated July 21, 1980, recorded at the Norfolk County Registry of Deeds, Book 575, page 574 ("the Royal Road Property")

   2.  As explained in more detail in the Affidavit of Brian Tomasetta, which was attached to the civil forfeiture complaint and

is also attached in hard copy filed with the instant motion, the Royal Road Property was subject to forfeiture to the United States because it constitutes real property used or intended to be used, in any manner or part, to commit, or to facilitate the commission a violation of the United States' narcotics laws.  Specifically, the Affidavit outlined how Kurt Walter ("Kurt Walter" or "the Defendant") used the Royal Road Property to facilitate his drug trafficking by storing marijuana and implements of the drug trade at the Royal Road Property and conducting drug transactions at the Royal Road Property.

    3.   Kurt Walter's sister, Melissa Walter, filed a claim to a 50% interest in the Royal Road Property.  Pursuant to a Court order for interlocutory sale, the Royal Road Property was sold and the net proceeds of $722,767.41 were substituted as the defendant *res* in the civil action, to be held under the Court's control until the conclusion of the forfeiture proceedings.  Following the sale, and after a default had been entered against the remaining, unclaimed 50% of the Royal Road Property, Kurt Walter was permitted to file an untimely claim to a 50% interest in the Royal Road Property.

    4.   On or about August 11, 2005, a federal grand jury sitting in the District of Massachusetts returned an eight-count Second Superseding Indictment charging Kurt Walter and others, with the following violations: Conspiracy to Possess With Intent To Distribute and to Distribute Marijuana, in violation of 21 U.S.C.

§846 (Count One); Possession With Intent To Distribute and Distribution of Marijuana, in violation of 21 U.S.C. §841 (Counts Two through Five); Money Laundering, in violation of 18 U.S.C. §1957, and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Six through Eight).

    5.   The Second Superseding Indictment also contained a Criminal Forfeiture Allegation, in which, as a result of the defendants' commission of one or more of the offenses charged in Counts One through Eight of the Second Superseding Indictment, and pursuant to 21 U.S.C. §853, the United States sought the forfeiture of: (1) any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the charged offenses; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses.  The property to be forfeited specifically included the Royal Road Property.

    6.   On August 26, 2005, at a Rule 11 hearing, pursuant to a written plea agreement, Kurt Walter entered a plea of guilty to Counts One through Eight of the Second Superseding Indictment.  The Court reserved acceptance of the plea until the time of sentencing. In the plea agreement, Kurt Walter  agreed to forfeit to the United States any and all assets subject to forfeiture, pursuant to 21 U.S.C. §853 and 18 U.S.C. §982 as a result of his guilty plea and to assist the United States in forfeiting such assets.  The only

property specifically named in Forfeiture Allegation of the Second Superseding Indictment in which the Defendant had an interest was the Royal Road Property.

7. At the Rule 11 proceeding, during the Court's discussion of the potential penalties faced by the Defendant, the following colloquy occurred:

> THE COURT: In addition, you are facing criminal forfeiture of property that has been charged in the Second Superseding Indictment. You understand you're facing all of those potential penalties in this case?
>
> DEFENDANT: I do sir.

8. Later in the Rule 11 hearing, the Court reiterated to the Defendant and his counsel that, as a result of his guilty plea and plea agreement, the Defendant would be facing criminal forfeiture:

> THE COURT: Now, you understand that under this plea agreement, you're going to be forfeiting such property as you may have an interest in for payment of restitution, for forfeiture and for fine[s]. Do you understand that?
>
> COUNSEL: There was a separate civil forfeiture proceeding, Your Honor.
>
> THE COURT: Well, there is. But there is a judgment of forfeiture, criminal judgment of forfeiture that will be entered in this case.
>
> COUNSEL: Which will not add up to what his involvement in civil forfeiture was is my understanding of the facts.
>
> THE COURT: Okay. But I want to be clear that Mr.

|  |  |
|---|---|
|  | Walter knows that he's subject to forfeiture and he's made an agreement with respect to that criminal forfeiture -- |
| COUNSEL: | Right, correct. |
| THE COURT: | -- under the plea agreement. |
| COUNSEL: | I think he does. But you want me to ask him? |
| THE COURT: | Right. |
| DEFENDANT: | Yes, sir, I understand. |

7.   By virtue of the Defendant's guilty plea, the Defendant's conviction, the Criminal Forfeiture Allegation of the Second Superseding Indictment, and pursuant to 21 U.S.C. §853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant's interest in the Royal Road Property, or $361,383.70.

8.   Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. §853(n), the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States' intent to dispose of the Defendant's interest in the Royal Road Property in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Defendant's 50% interest in the Royal Road Property, must file a petition with the Court within thirty (30) days of the final publication of

notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Royal Road Property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Royal Road Property, and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Royal Road Property, that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the Defendant Property in the form submitted herewith.

                                        Respectfully submitted,
                                        MICHAEL J. SULLIVAN
                                        United States Attorney,

                                        */s/ Jennifer H. Zacks*
                                        RACHEL E. HERSHFANG
                                        JENNIFER H. ZACKS
                                        Assistant U.S. Attorneys
                                        United States Courthouse
                                        Suite 9200
                                        1 Courthouse Way
                                        Boston, MA 02210
Date: 11/17/05                        (617) 748-3100

**CERTIFICATE OF SERVICE**

    I certify that I have served a true copy of the foregoing upon the following as counsel for Defendant Kurt Walter, by first class mail, postage prepaid:

William J. Cintolo, Esquire,
Cosgrove, Eisenberg & Kiley, PC,
One International Place, Suite 1820,
Boston, MA 02110

Valerie S. Carter
Carter & Doyle, LLP
Russia Wharf West
530 Atlantic Avenue, 3rd Floor
Boston, MA 02210

                                                */s/Jennifer H. Zacks*
                                                Jennifer H. Zacks
                                                Assistant U.S. Attorney

Dated: 11/17/05